McCUNE *v*. SWAFFORD.

An appeal does not lie to the district court, from an order of a county court, establishing or altering a county road.

An order of a county court, establishing or altering a county road, is not a decision or decree of that court, so affecting the rights or interests of individuals, as distinguished from the public, as that remonstrants against the road, or its alteration, can appeal therefrom.

*Appeal from the Johnson District Court.*

FRIDAY, APRIL 9.

This was a proceeding to obtain an alteration in a county road. Swafford, with twenty other persons, presented a petition to the county court of Johnson county, for a change in the course of a road in said county, called the "J. T. Pope Road," in a portion thereof not exceeding one mile in length. A remonstrance against the change

was afterwards presented by McCune and twenty-eight other persons. In the county court, such proceedings were had, that the court ordered the change prayed for. An appeal was taken to the district court, on the part of the remonstrants, it is presumed, but in the name of McCune alone, without any mention of the other remonstrants. The cause was docketed in the district court, under the name of *McCune* v. *Swafford*, as above entitled. In that court, a motion was made on the part of Swafford, that the appeal be dismissed, for the reason, (among others,) that no appeal lies in such a case. This motion was overruled, and such proceedings were had that the court reversed the decision of the county court ordering the change. The defendant appeals.

*James D. Templin & Co.*, for the appellant.

*Clarke & Henley*, for the appellee.

WOODWARD, J.—The question which stands paramount, and the only one now considered, is, whether an appeal lies from the county to the district court, in a case of this nature. This question is determined by the terms of the statute. The Code, in section 131, relating to appeals from the county court, provides that " an appeal is allowed from all decrees and decisions of the county court, on the merits of any matter affecting the rights or interests of individuals, as distinguished from the public." The interest which any of these parties shows, is only such as they have in common with the public, and is not the interest of an individual as distinguished from the public. This has been decided by this court, in the case of *Humphrey* v. *Ball*, 4 G. Greene, 204; and in *Myers* v. *Simms*, 4 Iowa, 500.

The motion made in the district court to dismiss the appeal, should have been sustained, and the decision of that court in overruling the motion was an error. Therefore, it is considered that the judgment of the district court be reversed; that the appeal to that court be dismissed; and that the proceeding be remanded by the district, to the

county court, with direction to proceed therein as if no appeal had been taken.

Judgment reversed.